Good morning, Your Honors. Alisa Solano-Peterson for Appellant and Petitioner. This, again, is an equitable tolling case with a slightly different twist. In this case, the petitioner filed an initial, unexhausted federal habeas claim. However, at the time that the statute had expired, he was in lockdown. And he was in lockdown for quite an extended period of time, approximately seven months. And therefore, his duty to exhaust should have been excused because he was prevented from exhausting his claim since he was in lockdown. And the petitioner is also asserting that he is entitled to equitable and statutory tolling. And the equitable tolling argument is not really based on Plyler v. Ford, but it's based on the Castro case. Because here, the district court characterized a letter of the petitioner as a motion to dismiss. But, counsel, there was language in that letter where he asked that it be dismissed. Is that not correct? Well, it could be read that way, Your Honor. However, we have a pro se petitioner, and he also filed a request for clarification. So he may just have been confused. What was the exact language that would lead me to believe that he asked that it be dismissed? What is the exact language? I believe there was a reference to a motion to dismiss, but the petitioner was just concerned about whether his claims were exhausted. I would have to go back to that. Well, on December 15, 2000 — well, actually, it was in 2000. In his letter to the Court, he said, right at the very end, Petitioner respectfully apologized for consuming the Court's time and asked that a decision be rendered at the Court's earliest convenience dismissing Petitioner's petition without prejudice. Respectfully, Rodney Turner. Well, I think, Your Honor, the point is that under Castro, when the Court recharacterizes a document submitted by the petitioner, that the Court has a duty to warn the petitioner that he's going to — Why would you need to recharacterize that? It seems like a pretty good — seems like a pretty simple request. What he's saying — what the judge is saying is, well, you don't have to submit a formal motion to me. This letter is good enough. You've told me what you want me to do, and I'm doing it. Well, it's the petitioner's position that it was not a motion. It was a letter expressing his concerns. And, you know, it did not say a motion to dismiss, and therefore the Court had the duty to warn him that the Court was going to recharacterize it as a motion to dismiss, that it was going to be final, that it was going to be a motion to dismiss, and basically that it was going to be a motion to dismiss effectively with prejudice because he wouldn't be able to bring a petition again. And that was not done. And although in Plyler v. Ford, in a different situation with the mixed petitions, the Supreme Court said the district court did not have the duty to make these advisements, this is a completely different situation because here there was a recharacterization of a document. And so basically we have a situation here where the petitioner was excused from exhausting his claims because he was in lockdown. And then the district court recharacterized the pleading without giving him notice. Therefore, he should be entitled to equitable tolling. And also he filed a petition in the Superior Court and then a petition in the Supreme Court. And according to the Nino case, he should be entitled to statutory tolling for the entire period. Well, this is a case where, as I understand it, the first petition was not a mixed petition. They were all unexhausted claims. Is that right? That's right. So there was no way of having a stay. They had to be dismissed, right? Well, I believe that there's case law that supports the proposition, which is in the brief, reply brief, well, both opening and reply brief, that when the State interferes with a petitioner's ability to bring a State claim, that the exhaustion requirement is excused. You say the State interfered? Pardon? What is your position that the State interfered? Yes. The State interfered with his ability to bring a State claim because he was in lockdown. And the ADPA statute expired, you know, absent equitable tolling expired while he was in lockdown. He was in lockdown for seven months. So he couldn't go into State court and exhaust his claim before he went into Federal court. But he brought these claims in a Federal court, which he should have brought first in the State court. Right. But he couldn't bring them in the State court because he was in lockdown. He had been able to bring them in the Federal court.  He brought it into Federal court after he was out of lockdown. And actually, in the first petition, the district court said that he was entitled to equitable tolling because he had been in lockdown. Sure. He brings them in the Federal court. He has time to do that. And he could have brought them in the State court if he had proper advice. But he didn't. Well, no. The only reason why he could bring it in the Federal court is he was out of lockdown. But at that time. But what prevented him from bringing the same claims in the State court at that time? Well, it's his position that he just couldn't do it. He had no access. Well, now, wait a minute. He was able to bring them in the Federal court. Why couldn't he have filed them in the State court? Because the time had actually expired in the Federal. In other words. No, no, no, no. He's got these claims. Yes. He's been able to write them up. The question of what court am I going to file them in? He chose to file them in the Federal court. Why couldn't he have filed them in the State court? Well, because by that time the statute would have expired. No, the statute has not expired. The Federal statute does not run. You can see that. Because the statute ran while his Federal petition was pending. But the question is why didn't he get into the State court when he was getting into the Federal court? Well, and his position is because he was in lockdown. Well, you're not giving any coherent answer. Maybe if we go into chronology it would help. But. Well, he started off. The first thing he did was to file a State petition in the Superior court. Right. And he would get statutory tolling for that brief period of time. Right. That it was pending. Right. And then basically. Then there was a lockdown. Yes, there was a lockdown. And while that lockdown was in place, without any kind of tolling, statutory or equitable, the one-year statute would have run on April the 20th, 2000. Right. Then there was. If you tack on for statutory tolling for the time that he was in Superior court, it's extended to May the 2nd, the deadline. Okay. So then he's confronted with the lockdown. And the district court ultimately did give him equitable tolling for that. And as Judge Noonan then says, while that is going on, he filed his first Federal petition. And the question is, why didn't he file it in the State court instead of in the Federal court? And you have no answer to that. Well, he was just afraid that the statute had run, that the statute was running in Federal court, and he had to hurry up and go into Federal court. That's basically his answer. All right. Would you like to save your one minute for rebuttal? Yes. Okay. May it please the Court, Deputy Attorney General Marcom for the warden. I would just like to note that Petitioner essentially wants to have it both ways. She wants to say, well, he was out of time because of the prison activity, but he got the equitable tolling. If you're going to say he doesn't get equitable tolling, then even the very first petition he filed is out of time. So unless the Court has further questions, I would submit. Thank you. Thank you. He's submitted. The matter will stand submitted since there was no argument here.
judges: B. Fletcher, Noonan, Paez